## FREDERICH v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 27, 1933

John Schlarb, Youngstown, for plaintiff in error.

W. W. Zimmerman, Youngstown, and W. E. Stankiewicz, Youngstown, for defendant in error.

## OPINION

By FARR, J.

First, it is asserted that the verdict is against the weight of the evidence and contrary to the evidence. In view of the fact that this case will necessarily be tried again, it is not believed that the court should express any view as to the weight of the evidence. Therefore, that ground of error will not be discussed.

The next assignment for error is the admission of testimony claimed to be incompetent. Upon the trial in the court below a petition was offered in evidence and received, disclosing that Mrs. Frederich had maintained an action against the Sheet & Tube Company of the City of Youngstown, R. 194-197, and that the maintenance of such action reflected somewhat upon the right of recovery in the instant case. Just what relation this action against the Sheet & Tube Company could have or did have to the case at bar is really difficult to understand. Any grievance against the Sheet & Tube Company certainly would not be of interest in the case at bar. The claim against the Sheet & Tube Company was one of a different character wholly, not a claim for the over-flow of surface waters, but a claim based upon different grounds wholly and entirely. It might just as well be claimed that if Mrs. Frederich, who had the suit with some other person about some other subject matter, that it would have been competent in the instant case. It is clear, therefore, that the offer and receipt of the petition in question disclosing a suit against the Sheet & Tube Company was without warrant. True, she may have said in that suit that her property was permanently injured, but it may have been in a different way. Just what view a jury might take of such situation is difficult to understand. Just how jurors might construe the suit against the Sheet & Tube as reflecting upon the suit against the City of Youngstown, can not perhaps be fully understood. However, the offer and receipt of the evidence was erroneous and prejudicial, and because of the receipt of the incompetent evidence the judgment must be reversed and the cause remanded.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgment.